UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIRO UMERES,

     Plaintiff,

v.

NEXA MORTGAGE, LLC,

     Defendant.

Case No. 2:22-cv-05658-SB-AGR

ORDER TO SHOW CAUSE RE:
SANCTIONS AND ADVANCING
MOTION HEARING

Plaintiff Ciro Umeres moves to remand, arguing that Defendant Nexa Mortgage, LLC has not established that the amount in controversy exceeds $75,000.  Dkt. No. 12.  In a declaration attached to the motion, Plaintiff's counsel represents that he met and conferred with defense counsel by videoconference on two different days, but that defense counsel was unwilling to provide the information that would establish the amount in controversy:

> During both meet and confer videoconferences, I specifically asked Defendant for a breakdown of the math of how Defendant calculated the $75,000 amount in controversy.  Defense Counsel stated that he had performed the calculations to demonstrate that the amount in controversy exceeds $75,000, but that he refused to provide the calculations to me because those calculations were "attorney work product."

> As of the filing of this declaration, Defendant has failed to explain or provide any evidentiary support for any of its assertions that the jurisdictional amount is exceeded.

Dkt. No. 12-1 at 2.

The purpose of the Court's requirement that parties meet and confer before filing motions is to conserve party and judicial resources by avoiding needless motions.  Defendant, as the removing party, has the burden of establishing federal jurisdiction, and it will need to support its assertion that the amount in controversy exceeds $75,000 in its opposition to the motion.  Its refusal to disclose to Plaintiff the calculations it will need to include in its opposition frustrates the purpose of Local Rule 7-3.  If Defendant has information showing that the amount in controversy exceeds $75,000, it should have disclosed that information to Plaintiff, which would have avoided the need for Plaintiff's motion.

The Court's Standing Order for Civil Cases cautions the parties that "[f]ailure by any party to comply in good faith with the 'meet and confer' requirement shall result in an order to show cause re:  sanctions—including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions."  Dkt. No. 9 at 8.  Accordingly, Defendant no later than August 31, 2022 is ORDERED to show cause in writing why the Court should not sanction Defendant—including by imposing monetary sanctions and granting the motion to remand as unopposed or precluding Defendant from relying on information it was unwilling to disclose to Plaintiff's counsel—for its failure to comply in good faith with the Court's meet and confer requirement.

The Court also ADVANCES the hearing on the motion to remand to September 23, 2022 at 8:30 a.m.  Defendant's opposition is due by September 2, 2022, and Plaintiff's reply, if any, is due by September 9, 2022.

IT IS SO ORDERED.

Date: August 26, 2022

Stanley Blumenfeld, Jr.
United States District Judge

2