JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRO UMERES,<br><br>       Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC,<br><br>       Defendant. | Case No. 2:22-cv-05658-SB-AGR<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 12] |

      Plaintiff Ciro Umeres filed this putative class action in state court against his former employer, Defendant NEXA Mortgage, LLC, alleging that NEXA violated California law by, among other things, failing to pay minimum wages and overtime wages and failing to provide rest periods. Dkt. No. 2-4. After Umeres amended his pleading to add a cause of action under the Private Attorneys General Act of 2004 (PAGA), Dkt. No. 2-16, NEXA removed the case based on diversity jurisdiction, Dkt. No. 1. Umeres now moves to remand, contending that the amount in controversy does not exceed $75,000. Dkt. No. 12. The Court finds this matter suitable for decision without oral argument and vacates the September 23, 2022 motion hearing.[1] Fed. R. Civ. P. 78; L.R. 7-15. Because NEXA has not met its burden to establish subject-matter jurisdiction, the Court remands the case.

      A defendant may remove a civil action from state to federal court when jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, the removing defendant must show complete

---

[1] The Court likewise vacates the hearing on its order to show cause (OSC) why sanctions should not be imposed. *See* Dkt. No. 15. Although the parties' interactions have fallen short of the level of cooperation and professionalism expected by the Court, the Court declines to impose sanctions in this case. The OSC is VACATED.

diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

NEXA briefly suggests that the motion to remand should be denied because Umeres filed it only six days after the parties' first of two meet-and-confers, in violation of Local Rule 7-3. Dkt. No. 23 at 3. Although Umeres should have paid closer attention to the Court's rules, the parties' two meetings served the basic purposes of Rule 7-3, and NEXA does not suggest that waiting another day to file the remand motion would have made any difference. More importantly, striking the motion would have no practical effect, since the Court must remand the case sua sponte if subject-matter jurisdiction is lacking. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

It is undisputed that Umeres is a citizen of California and NEXA and its members are citizens of Arizona. Dkt. No. 1 at 5–6. Thus, the parties are completely diverse. Their dispute focuses on whether the amount in controversy exceeds $75,000. "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Umeres expressly alleges that the aggregate amount in controversy for the class is less than $5 million, Dkt. No. 2-16 ¶ 12, and NEXA does not contend that removal is warranted under the Class Action Fairness Act. Thus, the only question before the Court is whether the amount in controversy as to Umeres's claims exceeds $75,000. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (explaining that if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, the court has supplemental jurisdiction over claims of unnamed class members).

Umeres's amended complaint alleges that "the matter in controversy, exclusive of interest, exceeds $25,000." Dkt. No. 2-16 ¶ 9. In its notice of

removal, NEXA contends that "the cumulative impact of the multiple violations alleged," together with the inclusion of the PAGA claim, "renders it a reasonable certainty" that the amount in controversy exceeds $75,000. Dkt. No. 1 at 6. The notice of removal notes, however, that the pleadings do not "provide any information as to the frequency of the alleged violations and/or the number of hours worked in any weeks," such that NEXA has "not been able to calculate with certainty the number of damages claimed." Id. at 6 n.1. NEXA asserts without explanation that Plaintiff seeks "statutory damages that cumulatively amount to nearly $7,000 per month, exclusive of actual damages, punitive damages, and attorney[']s fees," and that because "Plaintiff worked for NEXA for approximately one year, it is apparent that Plaintiff's First Amended Complaint seeks damages exceeding $75,000.00." Id.

After Umeres challenged the basis for NEXA's calculations, NEXA in its opposition provided a somewhat more specific breakdown of its jurisdictional assertion. Assuming without explanation that 26 pay periods are at issue for Umeres's individual claims and 19 pay periods are at issue for his PAGA claim, NEXA calculates that Umeres seeks penalties of $38,750 for individual violations of the California Labor Code and $39,600 in PAGA statutory penalties, for a total of $78,350. Dkt. No. 23 at 5–6. NEXA also contends that an estimated 25% for attorney's fees brings the amount in controversy to $97,938. Id. at 7. See Evers v. La-Z-Boy Inc., No. 21-CV-2100-LL-BLM, 2022 WL 2966301, at *10 (S.D. Cal. July 27, 2022) (finding benchmark of 25% was appropriate to calculate attorney's fee estimate for purposes of determining amount in controversy).

Umeres raises numerous challenges to NEXA's calculations and contends that the total penalties he seeks amount to only $15,325. Dkt. No. 29 at 13. Among other things, Umeres argues that NEXA has used improperly high penalty amounts, incorrectly double-counted penalties, and made assumptions about the relevant pay periods and the rates of violations that are speculative and unsupported by evidence. Moreover, NEXA counts the entire $39,600 it calculates for PAGA penalties toward the amount in controversy, but "the weight of opinion is that only 25% of the civil penalties sought in a PAGA action, the amount that accrues to employees rather than the LWDA, should be counted toward the amount in controversy." Prestwood v. Marriott Ownership Resorts, Inc., No. SA-CV-19-00766-AG-SSX, 2019 WL 2522674, at *3 (C.D. Cal. June 18, 2019) (collecting cases).

Even if the Court were to adopt the minority approach and count all PAGA civil penalties toward the amount in controversy, the Court is unpersuaded that

3

NEXA has met its burden here.  Umeres raises serious questions about NEXA's calculations and assumptions, which NEXA has not adequately addressed.  For example, Umeres produces uncontroverted evidence that his employment ended on March 1, 2022 and he filed suit on May 5, 2022, so fewer than 22 full pay periods fall within the 1-year statute of limitations.  NEXA, on the other hand, provides no evidence to support its use of 26 pay periods to calculate Umeres's individual damages.  Nor has NEXA produced evidence to support its other assertions and assumptions.  As just one example, NEXA contends that even if the Court discounts the PAGA penalties, Plaintiff's actual damages could bring the amount in controversy over $75,000, assuming 10 hours per week for 51 weeks of work with a $13 minimum wage and one week of overtime.  Dkt. No. 23 at 9 & n.3.  But NEXA's calculations are wholly speculative, apparently based on how much actual damages would be required to bring the amount in controversy above $75,000 rather than on any evidence of Umeres's actual damages.

On this record, and in light of the rule that any doubts about the propriety of removal must be resolved in favor of remand, *Gaus*, 980 F.2d at 566, the Court finds that NEXA has not met its burden to show by a preponderance of the evidence that the requirements of § 1332 are satisfied.  Umeres's motion to remand is therefore **GRANTED**, and this case is **REMANDED** to the Superior Court of Los Angeles County.

Date: September 15, 2022

                                                        Stanley Blumenfeld, Jr.
                                                        United States District Judge